# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS – DALLAS DIVISION

| | | |
|---|---|---|
| RICKY ADDISON, | § | CIVIL ACTION NO. |
| | § | |
| PLAINTIFF | § | |
| | § | **COMPLAINT** |
| VS. | § | |
| | § | **AND** |
| LEXIS NEXIS RISK SOLUTIONS, INC, | § | |
| FARMERS INSURANCE EXCHANGE | § | **DEMAND FOR JURY TRIAL** |
| d/b/a FARMERS INSURANCE | § | |
| COMPANY INC, | § | |
| PROGRESSIVE CASUALTY | § | |
| INSURANCE COMPANY, and | § | |
| LIBERTY MUTUAL AUTO and HOME | § | |
| SERVICES, LLC, | § | |
| | § | |
| DEFENDANTS | § | |

## INTRODUCTION

1. Plaintiff Ricky Addison (hereinafter "Plaintiff") brings this action against LexisNexis Risk Solutions Inc., (hereinafter "Defendant Lexis" or "Lexis,"), Progressive Casualty Insurance Company (hereinafter "Defendant Progressive" or "Progressive), Farmers Insurance Exchange d/b/a Farmers Insurance Company Inc. (hereinafter "Defendant Farmers" or "Farmers"), and Liberty Mutual Auto and Home Services, LLC ("Defendant Liberty Mutual" or "Liberty Mutual") for its violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*

1

## JURISDICTION

2. Jurisdiction of this Court is proper pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681 *et seq*.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff resides in this District, all three Defendants regularly conduct business in this District, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District. See *Ford Motor Co. vs. Montana Eighth Judicial District Court*, 2021 WL 1132515 (U.S. March 25, 2021).

## PARTIES

4. Plaintiff is a natural person who resides in Dallas County, Texas, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

5. Defendant Lexis is a consumer reporting agency as defined by Section 1681a(f) and is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by Section 1681a(p). Defendant Lexis regularly engages in the business of assembling, evaluating, and dispersing information concerning the credit histories of consumers for the purpose of furnishing consumer reports, as defined by Section 1681a(d), to third parties. Defendant Lexis provides such consumer reports to third-party subscribers for monetary compensation. Defendant Lexis may be served with process via their registered agent CT Corporation Systems, at 1999 Bryan St., Suite 900, Dallas, TX 75201.

6. Defendant Farmers is a Foreign For-Profit Corporation registered to do business in Texas, and may be served through its registered agent, Defendant Farmers is a

"furnisher" of information, as defined by 15 U.S.C. §1681s(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumers. Defendant Farmers is a "furnisher" of information, as defined by 15 U.S.C. §1681s(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumers. Defendant Farmers may be served with process via their registered agent CSC – Lawyers Incorporating Service Company, 211 E. 7TH Street, Austin, TX 78701.

7. Defendant Progressive, is a foreign For-Profit Corporation registered to do business in Texas, and may be served through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201. Defendant Progressive is a "furnisher" of information, as defined by 15 U.S.C. §1681s(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumers.

8. Defendant Liberty Mutual is a foreign For-Profit Corporation registered to do business in Texas, and may be served through its registered agent, CSC-Lawyers Incorporating Service Company, 211 E 7th Street Suite 620, Austin, TX 78701. Defendant Liberty Mutual is a "furnisher" of information, as defined by 15 U.S.C. §1681s(a)&(b), who regularly and in the ordinary course of business furnishes

information to one or more consumer reporting agencies about consumer transactions or experiences with any consumers.

9. Defendants Farmers, Progressive, and Liberty Mutual will be collectively referred to as "Insurance Defendants".

## PURPOSE OF THE FAIR CREDIT REPORTING ACT

10. Consumer credit plays a major role in the lives of American consumers entering the American marketplace and the economic system in general. Fair and accurate credit reporting acts as a gatekeeper to credit purchases, employment and income, basic commercial services, insurance coverage, housing rentals, and a broad range of other transactions. Robert J. Hobbs & Stephen Gardner, THE PRACTICE OF CONSUMER LAW 39-40 (2nd ed. 2006).

11. Congress investigated and determined that the banking system is dependent upon fair and accurate reporting, that inaccurate credit reports directly impair the efficiency of the banking system, and that unfair credit reporting methods undermine public confidence, which is essential to the continued functioning of the banking system. 15 U.S.C. § 1681(a)(1).

12. The FCRA was created to "ensure fair and accurate credit reporting, promote efficiency, and protect consumer privacy." *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 52 (2007).

13. The FCRA was proposed in 1968 as an amendment to the original Truth in Lending Act. Senator Proxmire (D-WI) announced his intention to create legislation addressing the growing frequency of cases in which a consumer "is unjustly denied

because of faults or incomplete information in a credit report," and entered an initial draft of what would eventually become the FCRA into the Congressional Record. Anthony Rodriguez et al., FAIR CREDIT REPORTING 8 (5th ed. 2002) (citing 114 Cong. Rec. 24904 (Aug. 2, 1968)) (emphasis added).

14. Senator Proxmire listed five types of abuses requiring Congressional response, including biased or one-sided information and incomplete information. Anthony Rodriguez et al., FAIR CREDIT REPORTING 8 (5th ed. 2002) (citing 115 Cong. Rec. 2411 (Jan. 31, 1969)).

15. Congress considered inaccurate and misleading information to be the most serious problem. Anthony Rodriguez et al., FAIR CREDIT REPORTING 10 (5th ed. 2002).

16. The FCRA applies to situations in which information relevant to a consumer's "credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living" is collected. Anthony Rodriguez et al., FAIR CREDIT REPORTING 5 (5th ed. 2002) (citing 15 U.S.C. § 1681a(d)).

17. An inaccurate or misleading credit report can not only significantly and unfairly lower a consumer's creditworthiness but can also prevent consumers from full access to the American marketplace and negatively impact a consumer's living standard and general reputation on the whole if a consumer's character and mode of living is not accurately portrayed. Congress enacted the FCRA to prevent this arbitrary and iniquitous result.

18. Furthermore, in 1996, Congress, in an effort to increase the "accuracy and integrity" of information supplied to credit reporting agencies, added 15 U.S.C. § 1681s-2 to the FCRA by passing the Consumer Credit Reform Act.  The provision, "[r]esponsibilities of furnishers of information to consumer reporting agencies," subjected data furnishers, who were not previously covered by the FCRA, to requirements related to accuracy and the handling of consumer disputes.  These provisions were originally scheduled to sunset in 2003 but were considered important enough to Congress to be made permanent in the Fair and Accurate Credit Transactions Act of 2003.  Federal Trade Commission Staff: 40 Years of Experience with the Fair Credit Reporting Act, pp. 1, 2, 92.  Retrieved from the FTC website: http://www.ftc.gov/os/2011/07/110720fcrareport.pdf.

19. The credit industry has constructed a method of numeric-alpha codes for considering consumer credit report disputes.  *See* 15 U.S.C. § 1681i(a)(5)(D).

## **FACTUAL ALLEGATIONS**

20. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

21. Plaintiff is a licensed driver and has owned several vehicles over the years. Texas law requires all vehicle owners to have, at a minimum, liability insurance to own and operate a motor vehicle in the State of Texas.

22. There are criminal penalties for operating a motor vehicle without liability insurance.  Plaintiff has a motor vehicle insurance history file that is maintained by Defendant Lexis.

23. Plaintiff has always maintained insurance on his motor vehicles. Specifically, his history of insurance is as follows:

    - Geico – 4/22/17-10/22/17
    - Safeco – 10/6/17 – 2/20/18
    - Travelers – 2/14/18 - 2/14/19
    - Progressive – 2/13/19 – 2/13/22
    - Farmers - 2/13/22 – 8/13/22
    - Progressive – 8/13/22 - present

24. Despite Plaintiff's continuous insurance history with no lapse, Defendants were reporting Plaintiff as having three gaps in Plaintiff's car insurance coverage. One gap is reported by Defendant Progressive, another by Defendant Farmers, and yet another by Defendant Liberty Mutual. These are all inaccurate. Plaintiff has never gone any length of time without car insurance.

25. Defendant Progressive is publishing to Lexis that Plaintiff had a gap in his motor vehicle insurance coverage. Defendant Progressive is stating that plaintiff went an extended period of time without legally required motor vehicle insurance coverage. This is patently false.

26. Defendant Farmers is publishing to Defendant Lexis that Plaintiff had a gap in his motor vehicle insurance coverage. Defendant Farmers is stating that Plaintiff went an extended period of time without legally required motor vehicle insurance coverage. This is patently false.

27. Defendant Liberty Mutual is publishing to Lexis that Plaintiff had a gap in his motor vehicle insurance coverage. Defendant Liberty Mutual is stating that plaintiff went an extended period without legally required motor vehicle insurance coverage. This is patently false.

28. Defendant Lexis has sold Plaintiff's consumer report to third parties and/or made publication of his reports to a number of potential car insurance providers that Plaintiff has applied to or that have solicited Plaintiff. Because of Defendant Lexis's publication of this inaccurate information, car insurance providers think that Plaintiff has had gaps in his insurance coverage, therefore they charge higher rates. Plaintiff is forced to pay more than he should for insurance premiums.

29. Most recently Plaintiff has been over- charged for his insurance based on an inaccurate and adverse consumer report sold to the Insurance Defendants by Defendant Lexis as evidenced by the adverse actions notices that Plaintiff has received in the mail stating that your rates are increasing due to the lapse in insurance.

30. Plaintiff has submitted multiple disputes to Defendant Lexis pursuant to 15 U.S.C. § 1681i, from 2022 through 2023.

31. All of these disputes detail why his Lexis credit file is inaccurate and included documents that proved that he had coverage during all the times in question that Defendants reported he was without insurance coverage.

32. Pursuant to 15 U.S.C. 1681i Defendant Lexis communicated Plaintiff's disputes to the Defendant insurance companies who were furnishing inaccurate insurance gap information to Defendant.

33. Each and every time that Plaintiff disputed with Defendant, Lexis would in turn convey Plaintiff's disputes to the Defendant's insurance companies for reinvestigation.

34. All Defendants are supposed to conduct investigations into Plaintiff's disputes.

35. However, Defendant Lexis violated 15 U.S.C. §1681i on multiple occasions when it failed to reasonably investigate Plaintiff's disputes and instead. Lexis is merely parroting what the furnishers tell them, rather than conducting their own investigation.

36. Further, the insurance Defendants failed to conduct reasonable investigations into Plaintiff's disputes received from Defendant Lexis in violation of 15 U.S.C. §1681s-2(b).

37. Moreover, the insurance Defendants additionally and separately failed to update their reporting to Defendant Lexis indicating that Plaintiff had disputed the insurance lapse reporting thus making each of their reporting inaccurate and/or incomplete in violation of 15 U.S.C. §1681s-2(b).

38. If Defendants had conducted reasonable investigations as required by law they would have realized that the information that Defendants had been publishing was inaccurate.

39. If Defendants had reviewed all of the included documentation provided by Plaintiff they would have realized that the information that Defendants had been publishing was inaccurate.

40. Instead of correcting or deleting the inaccurate files Defendants continued to publish that Plaintiff had gaps in his car insurance coverage.

41. Several times Plaintiff has sought quotes for car insurance only to find that he is still being quoted a higher rate because of the perceived gaps in his insurance coverage.

42. As a result of the inaccurate reporting of this credit information and each of the Defendants' failure to conduct proper investigations, the inaccuracies relating to the gaps in insurance coverage tradeline have been a substantial factor in Plaintiff being denied credit.

43. Because of the actions of the Defendants, Plaintiff's ability to obtain motor vehicle insurance has been negatively affected.

44. Because of this, the Plaintiff has suffered damages and future damages that have yet to be determined.

45. Plaintiff's credit reports, credit information, and credit file formulated by Defendant Lexis, have been reviewed by prospective and existing insurance providers, and the inaccurate information reported by Defendant Lexis, has damaged Plaintiff's credit rating and availability to obtain motor vehicle insurance.

46. As a result of the Defendants' conduct, Plaintiff has suffered great emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite future, all to Plaintiff's great detriment and loss.

47. As a result of Defendants' conduct, Plaintiff has suffered actual damages and will continue to suffer in the future, all to Plaintiff's great detriment and loss.

48. At all times pertinent hereto, Defendants were acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

49. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, demonstrated intentional and reckless disregard for federal laws and the rights of the Plaintiff herein.

50. Defendants failed to investigate all the disputed information mentioned in the dispute letters.

51. Defendant Lexis violated 15 U.S.C. §1681e(b) when it published detrimental and inaccurate information on Plaintiff's consumer report to third parties.

52. Defendants failure to conduct a reasonable reinvestigation into Plaintiff's dispute and maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's consumer report in violation of the 15 U.S.C. § 1681, has caused Plaintiff increased auto insurance payments, out-of-pocket loss, loss of time, immense frustration, anger, hopelessness, anxiety, loss of sleep, mental anguish and emotional distress.

## TRIAL BY JURY

53. Plaintiff is entitled to, and hereby demands, a trial by jury.  U.S. Const. amend.

VII; Fed. R. Civ. P. 38.

# CAUSES OF ACTION

## COUNT I.

### VIOLATION OF THE FAIR CREDIT REPORTING ACT – 15 U.S.C. § 1681 *et seq*. – AGAINST DEFENDANT LEXIS

54. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

55. For at least the past six months, and within the two years prior to the filing of this Complaint, Plaintiff repeatedly notified Defendant Lexis that Plaintiff's consumer report contained personal and credit misinformation.

56. Plaintiff notified Defendant Lexis which exact information contained within his consumer report was inaccurate.

57. Defendant Lexis failed to reasonably investigate Plaintiff's numerous disputes in violation of 15 U.S.C. §1681i.

58. Defendant repeatedly published Plaintiff's consumer report to third parties with a plethora of inaccurate information in violation of 15 U.S.C. §1681e(b).

59. Despite Plaintiff's disputes, Plaintiff's consumer report continued and continues to contain erroneous information.

60. Defendant Lexis failed to follow the reasonable procedure to assure the maximum possible accuracy of Plaintiff's consumer report, in willful violation of 15 U.S.C. § 1681e.

61. Defendant Lexis failed to conduct a reasonable reinvestigation into Plaintiff's disputes, in violation of 15 U.S.C. § 1681i.

62. Defendant Lexis violated 15 U.S.C. §1681i(a)(4), by not considering and reviewing all the relevant information that Plaintiff sent in with his dispute. Plaintiff included a copy of the proof of coverage for all relevant periods. It is on information and belief that Lexis ignored Plaintiff's attachments to his dispute letter and followed both furnishers' instruction to continue reporting, even in light of overwhelming evidence was being reported inaccurately.

63. Defendant Lexis's conduct in violation of the FCRA has caused Plaintiff actual damages in the form of increased auto insurance payments, immense frustration, anger, hopelessness, anxiety, loss of sleep, mental anguish, and emotional distress.

64. Defendant Lexis's conduct, actions, and inactions were willful, rendering it liable for punitive damages in an amount to be allowed by the Court, pursuant to 15 U.S.C. § 1681n.

65. Alternatively, Defendant Lexis's conduct, actions, and inactions were negligent, rendering it liable for damages under 15 U.S.C. § 1681o.

66. Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, and costs and attorney's fees from Defendant Lexis in an amount to be determined by the Court, pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT II.

## VIOLATION OF THE FAIR CREDIT REPORTING ACT – 15 U.S.C. § 1681 *et seq*. – AGAINST DEFENDANT FARMERS

67. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

68. Defendant Farmer's violated its duty under 15 U.S.C. §1681s-2(b) to conduct a reasonable investigation into Plaintiff's disputes and failed to delete or correct the inaccurate information. The plaintiff disputed his Farmers account with Lexis several times. Disputes from Plaintiff which also included copies of old insurance policies, displaying proper coverage for the times in question. The insurance data that Farmers is still providing Lexis is false, misleading, incomplete, and inaccurate as it fails to indicate that Plaintiff disputes the reporting.

69. Defendant Farmer's conduct, actions, and inactions were willful, rendering it liable for punitive damages in an amount to be allowed by the Court, pursuant to 15 U.S.C. § 1681n.

70. Alternatively, Defendant Farmer's conduct, actions, and inactions were negligent, rendering it liable for damages under 15 U.S.C. § 1681o.

71. Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, and costs and attorney's fees from Defendant Farmers in an amount to be determined by the Court, pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT III.

## VIOLATION OF THE FAIR CREDIT REPORTING ACT – 15 U.S.C. § 1681 *et seq.* – AGAINST DEFENDANT PROGRESSIVE

72. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

73. Defendant Progressive violated its duty under 15 U.S.C. §1681s-2(b) to conduct a reasonable investigation into Plaintiff's disputes and failed to delete or correct the inaccurate information. The plaintiff disputed his Progressive account with Lexis several times. Disputes from Plaintiff which also included copies of old insurance policies, displaying proper coverage for the times in question. The insurance data that Defendant Progressive is still providing Lexis is false, misleading, incomplete, and inaccurate as it fails to indicate that Plaintiff disputes the reporting.

74. Defendant Progressive's conduct, actions, and inactions were willful, rendering it liable for punitive damages in an amount to be allowed by the Court, pursuant to 15 U.S.C. § 1681n.

75. Alternatively, Defendant Progressive's conduct, actions, and inactions were negligent, rendering it liable for damages under 15 U.S.C. § 1681o.

76. Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, and costs and attorney's fees from Defendant Progressive Farmers in an amount to be determined by the Court, pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT IV.

**VIOLATION OF THE FAIR CREDIT REPORTING ACT – 15 U.S.C. § 1681 *et seq*. – AGAINST DEFENDANT LIBERTY MUTUAL**

77. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

78. Defendant Liberty Mutual violated its duty under 15 U.S.C. §1681s-2(b) to conduct a reasonable investigation into Plaintiff's disputes and failed to delete or correct the inaccurate information. The plaintiff disputed his Liberty Mutual account with Lexis several times. Disputes from Plaintiff which also included copies of old insurance policies, displaying proper coverage for the times in question. The insurance data that Defendant Liberty Mutual is still providing Defendant Lexis is false, misleading, incomplete, and inaccurate as it fails to indicate that Plaintiff disputes the reporting.

79. Defendant Liberty Mutual's conduct, actions, and inactions were willful, rendering it liable for punitive damages in an amount to be allowed by the Court, pursuant to 15 U.S.C. § 1681n.

80. Alternatively, Defendant Liberty Mutual's conduct, actions, and inactions were negligent, rendering it liable for damages under 15 U.S.C. § 1681o.

81. Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, and costs and attorney's fees from Defendant Liberty Mutual in an amount to be determined by the Court, pursuant to 15 U.S.C. §§ 1681n and 1681o.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants for:

- an award of actual damages caused by Defendant's separate and distinct violations of the FCRA pursuant to 15 U.S.C. § 1681n and 1681o;
- an award of punitive damages against Defendants for their willful noncompliance with the FCRA pursuant to 15 U.S.C. 1681n;
- an award of costs and attorney's fees against Defendant pursuant to 15 U.S.C. §§ 1681n and 1681o; and
- such other and further relief as the Court may deem just and proper.

Dated this 7th day of May 2024.

Respectfully submitted,

/s/James A. Foley
_____

James A. Foley SBN 24055491
Daniel Ciment SBN 24042581
CIMENT LAW FIRM, PLLC
1751 River Run #280
Fort Worth, Texas 76107
(833) 663-3289, ext. 3006
Fax (855) 855-9830
Courtfilings@Cimentlawfirm.com
James@Cimentlawfirm.com

Kevin D. Green
Texas Bar No.: 00792544
S.D. Tex. I.D. No.: 3737219
Law Office of Kevin Green

7960 Mesa Trails Cir
Austin, TX 78731
Telephone: (512) 695-3613
kevingreen68@gmail.com

Thomas J. Lyons Jr., Esq.
MN Attorney I.D. 0249646
Consumer Justice Center P.A.
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: 651-770-9707
Facsimile: 651-704-0907
tommy@consumerjusticecenter.com
(*To Be Admitted Pro Hac Vice*)

*ATTORNEYS FOR PLAINTIFF
RICKY ADDISON*